**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEE COLLEEN VICK,

Plaintiff,

v. Case No. 6:25-cv-1242-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

## I. Status

Renee Colleen Vick ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "trigeminal neuralgia facial pain," "chronic migraines," post-traumatic stress disorder, a traumatic brain injury, obsessive compulsive disorder, "anxiety," "personality disorder," "social phobia," "decrease[d] cognitive functioning (slow processing)," and "depression." Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed September

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

5, 2025, at 255 (emphasis and some capitalization omitted); see Tr. at 93, 102. Plaintiff protectively filed an application for DIB on November 1, 2021, alleging a disability onset date of October 18, 2021.[2] Tr. at 214-18. The application was denied initially, Tr. at 93-100, 101, 115-18, and upon reconsideration, Tr. at 102-12, 113, 125-27.

On July 23, 2024, an Administrative Law Judge ("ALJ") held a hearing,[3] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 41-60. On August 23, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-21.[4]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a letter authored by her lawyer and mother, additional medical evidence, and a leave of absence form by Plaintiff's former employer, Lowe's. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 35-40 (evidence and form), 212-13 (request for review), 400 (letter). On May 5, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the

---

[2] The DIB application summary indicates it was actually completed on November 2, 2021. See Tr. at 214. The protective filing date for the DIB application is listed elsewhere in the administrative transcript as November 1, 2021. See, e.g., Tr. at 93, 102.

[3] The hearing was held via telephone with Plaintiff's consent. See Tr. at 43-44, 179-80, 204.

[4] The administrative transcript also contains an ALJ decision dated September 18, 2019 and adjudicating earlier-filed claims for DIB and supplemental security income (SSI). Tr. at 66-86. That decision is not at issue here.

ALJ's Decision the final decision of the Commissioner. On July 8, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in determining her residual functional capacity ("RFC"), specifically by "failing to properly consider the medical opinions." Memorandum in Support of Plaintiff's Position (Doc. No. 18; "Pl.'s Mem."), filed November 3, 2025, at 10, 12. On January 18, 2026, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 18, 2021, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: migraine, trigeminal neuralgia, anemia/beta thalassemia, major depressive disorder, bipolar disorder, personality disorder, generalized anxiety disorder/panic disorder." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except she could never climb ladders, ropes and scaffolds; she could have occasional exposure to temperatures under 40 degrees and over 90 degrees Fahrenheit; she could have no concentrated exposure to vibration, humidity, pulmonary irritants; she could work in an environment with no more than a moderate noise level; she could have no exposure to unprotected heights or dangerous moving machinery; she could perform simple work tasks; with occasional interaction with the public, coworkers and supervisors; and occasional changes in work setting.

Tr. at 15-16 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as "an insurance clerk." Tr. at 20 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("45 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 20 (emphasis and citations omitted), such as "counter supply worker," "laundry laborer," and "retail marker," Tr. at 21. The ALJ concluded Plaintiff "has not been under a disability . . . from October 18, 2021, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in assessing her RFC, and in particular, in evaluating the opinion of Patrick Gorman, Psy.D., ABPP, a consulting neuropsychologist. Pl.'s Mem. at 10-16. According to Plaintiff, the ALJ did not fulfill the duty to discuss the required supportability or consistency factors in addressing Dr. Gorman's opinion. Id. at 14-15. Responding, Defendant contends the ALJ was not required to address the supportability or consistency factors because Dr. Gorman did not render a "medical opinion" as defined by the Regulations. Def.'s Mem. at 5-6. Nevertheless, Defendant argues the ALJ considered such factors and appropriately found Dr. Gorman's "recommendations were inconsistent with other evidence in the record." Id. at 6.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work

activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources").

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[6] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R.

[6] Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

§§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[7]

Here, Dr. Gorman evaluated Plaintiff on seven different dates in October and November 2022 and authored a report, together with Amanda Denny, Psy.D., a psychological resident, following the evaluation. Tr. at 985-93, 995-1003 (duplicate). For ease of reference, the Court attributes the report to "Dr. Gorman" as the author. In the detailed report, Dr. Gorman summarized that Plaintiff, then forty-six years old, had been in a motor vehicle accident as a sixteen-year-old, and she had cognitive and emotional issues, migraines, and neuralgia as a result of injuries sustained in the accident. Tr. at 985. Despite

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

these challenges, Plaintiff was able to obtain her Bachelor of Arts degree in Interdisciplinary Studies from FAU. Tr. at 985. She has had stints of working over the years but has difficulty maintaining employment. Tr. at 985-86.

Dr. Gorman and Dr. Denny administered a number of psychological tests. Tr. at 986-87. Although Plaintiff "appeared to put forth adequate effort overall," she "appeared variably engaged in testing, which may have been mediated by medication effects and complaints of eye pain." Tr. at 987. "Overall, her performances on validity measures suggest variable levels of engagement and effort." Tr. at 987. Plaintiff's "premorbid intellectual abilities fell within the Average range," with her Full Scale IQ in the Low Average range. Tr. at 987-88. According to Dr. Gorman, Plaintiff "evidenced significant problems with sustained attention, inattention, and vigilance." Tr. at 989.

Dr. Gorman assessed Major Neurocognitive Disorder, likely due to history of traumatic brain injury; Unspecified Depressive Disorder; and Unspecified Anxiety Disorder. Tr. at 992. As far as recommendations, Dr. Gorman mainly made suggestions to improve Plaintiff's overall functioning. He wrote that Plaintiff "is encouraged to incorporate behavioral strategies for optimizing her cognitive functioning in daily life," such as using "a calendar or planner for medical appointments and other important events and setting frequent reminders on her phone." Tr. at 993. Dr. Gorman also encouraged a "daily routine" and "use of checklists and to-do lists." Tr. at 993. Dr. Gorman

recommended that a family member accompany Plaintiff to all medical appointments and oversee her medication and financial management. Tr. at 993. According to Dr. Gorman, Plaintiff is not safe to drive. Tr. at 993. Regular physical, social, and mental activity, as well as individual counseling, were recommended. Tr. at 993.

In the Decision, the ALJ wrote as follows regarding the report:

> Amanda Denny, Psy.D. and Patrick Gorman, Psy.D., did not provide an opinion but recommended that [Plaintiff] should not drive due to her cognitive function and further recommended that family assist with medical appointments. These recommendations are not persuasive as they are not consistent with [Plaintiff's] noted excellent cognition during multiple provider visits. Additionally, they are not supported by findings during this evaluation as they noted [Plaintiff] had variable effort and engagement; moreover, her self-report of personality and psychological functioning profile "was not interpretable due to an over-endorsement of items related to severe psychopathological symptoms that are not typically observed in clinical populations." The recommendations are also not consistent with her prior work activity as a cashier at Lowe's.

Tr. at 18 (citations omitted).

The ALJ did not commit reversible error. Regardless of whether the recommendations in the report by Dr. Gorman qualify as an "opinion" under the Regulations, the ALJ adequately addressed their consistency and supportability in finding they were not persuasive. Tr. at 18. The ALJ noted "excellent cognition during multiple provider visits." Tr. at 18; see, e.g., Tr. at

694, 703, 1016, 1134, 1139. The ALJ also pointed out the variable effort and engagement during the evaluation Tr. at 18; see Tr. at 987. Moreover, the ALJ observed that Dr. Gordan found Plaintiff's "self-report of personality and psychological functioning profile 'was not interpretable due to an over-endorsement of items related to severe psychopathological symptoms that are not typically observed in clinical populations.'" Tr. at 18 (ALJ quoting Tr. at 991). Finally, the ALJ found that Dr. Gordan's recommendations were inconsistent with Plaintiff's prior work activity at Lowe's. Tr. at 18; see Tr. at 47-50 (Plaintiff's testimony about that work).

The ALJ relied to a degree on findings and opinions of other consulting medical experts, Tr. at 17-19, which Plaintiff does not contest. In the end, the ALJ assessed that Plaintiff can perform medium work with—among other restrictions—"no exposure to unprotected heights or dangerous moving machinery," "simple work tasks," "occasional interaction with the public, coworkers and supervisors" and "occasional changes in work setting." Tr. at 15-16. This RFC assessment is supported by substantial evidence and need not be disturbed.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 21, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record